## CRAIGHEAD *v.* BROOKLYN CITY R. CO.

*(City Court of Brooklyn, General Term.   May 27, 1889.)*

HORSE AND STREET RAILROADS—NEGLIGENCE—INJURIES TO PASSENGERS.

Plaintiff, while attempting to pass, on one of the side steps, from the rear platform to the front seat of an open car, was knocked off by a car on the other track.   The side steps on either side were the only means of passing from one end of the car to the other.   *Held,* that the question of plaintiff's contributory negligence, and defendant's negligence in not providing a safe means of passing through the car, or in maintaining its tracks too close to each other, was properly submitted to the jury.

Appeal from trial term.

Action by John P. Craighead against the Brooklyn City Railroad Company for damages for personal injuries.   Defendant appeals from judgment entered on a verdict in favor of plaintiff, and an order denying its motion for a new trial.

Argued before VAN WYCK and OSBORNE, JJ.
*Morris & Pearsall*, for appellant.   *Edward P. Wilder*, for respondent.

OSBORNE, J.   On Sunday morning, October 4, 1885, plaintiff, in company with two ladies, got on an open Third-Avenue car of defendant at the upper or southerly corner of Fulton and Middagh streets.   They came from New York via the bridge, and when they arrived opposite the upper corner of Middagh street they were compelled to wait some time, by reason of the number of cars going in an opposite direction, to the ferry, before they had an opportunity to cross Fulton street to take the up car.   After seating the two ladies in the forward part of the car, plaintiff went to the rear platform, to inquire of the conductor if he was on the right car.   Having obtained the required information, plaintiff then proceeded—the car meanwhile having started —to rejoin his ladies in the forward part of the car, and, for that purpose, stepped down from the rear platform on the side step running along-side the left-hand side of the car, and next to the down track.   He had barely done so when he was struck by a car going towards the ferry, on the down track, and knocked off the step, and his left foot or ankle was run over by the down car. This action was brought to recover damages for the injuries so sustained, and plaintiff recovered a verdict.   From the judgment entered thereon, and the order denying a motion for a new trial, this appeal is taken.

On a previous trial of this action the complaint was dismissed.   On appeal to the general term the judgment dismissing the complaint was reversed, and a new trial ordered.   In the opinion handed down on the reversal[1] the general term substantially held that, on the case as made by plaintiff, the question of contributory negligence of the plaintiff should have been left to the jury, and that it was also a question for the jury to determine, on the evidence as to the propinquity of the tracks submitted on the part of the plaintiff, as to whether or not the defendant was negligent in placing its tracks so near together as to endanger the safety of passengers using the side step of an open car in passing from one part of it to another.   A careful examination of the case now before us leads us to the conclusion that the judgment rendered on the verdict appealed from should be affirmed.

The main points urged on this appeal by the appellant's counsel are that plaintiff failed to establish his own freedom from contributory negligence, and that plaintiff failed to establish the negligence of defendant or its servants.   As to the first point, it is sufficient to say that that question was one for the jury to determine, and the general term so held on the previous appeal.   Defendant's contention was that plaintiff did not exercise the care that he ought to have in proceeding along the step on the side of the open car from the rear platform, which was crowded, to the forward part of the car, where his companions were seated, and where there was room for him also.   It is to be borne in mind that this side step is the only means provided by the defendant for the transit of its passengers from one part of the car to the other, and it was bound to make such means of transit entirely safe, and plaintiff had a right to assume that it was safe for that purpose.   The learned trial judge was, we think, very liberal to the defendant in laying down to the jury the degree of care which plaintiff was bound to exercise in the use of this step. It was admittedly not so safe a place as the interior part of the car, or the platform, and the jury was charged that while on this step the plaintiff was bound to exercise such care as was commensurate with the danger in which he was placed, and such as he had a right to anticipate.   True, there was another side step, on the other side of the car, which plaintiff might have used, and so probably have avoided the injury which befell him; but the question as to whether plaintiff was careless in not using the other side step was submitted

[1]Not reported.

to the jury, and we think properly. The contention of the plaintiff was that the up and down tracks were laid so close together, at the place of the accident, that the side step of the open car, on the side next the down track, was thereby rendered unsafe, and the consideration of that question brings up the appellant's point that no negligence of the defendant was established. That the defendant was bound to exercise the highest degree of care in securing the safety of its passengers is now too well settled to admit of discussion, and this rule, it has been repeatedly held, applies not alone to the car itself, but also to all the appurtenances connected with and for the carriage of passengers. It thus became a pertinent question to determine whether the accident complained of was not caused by the tracks being laid too closely together. Plaintiff was justified in assuming that this side step was safe. It was provided there by the defendant for the use of its passengers, and while, of course, it was to be carefully used, it was a question for the jury to determine whether the tracks at this place were not laid in such a way as to make the use of the side step dangerous to an extent beyond what plaintiff might reasonably anticipate, and whether defendant was not negligent in so placing its tracks. Evidence was offered on the trial by both sides as to the width between the tracks, and defendant also offered testimony going to show that passengers had used these side steps for years, and that no accident had happened that they knew of. We do not think that the learned trial judge would have been justified in taking this question from the jury. He submitted it to them with the other questions in the case, and we think that it was his duty so to do. The jury have found adversely to the defendant, and we cannot say that their finding is against the weight of evidence. We have also examined the other exceptions contained in the case, and do not find that any of them are tenable. For the reasons above stated, and also on the opinion handed down on the former appeal of this cause, the judgment and order denying motion for a new trial are affirmed, with costs.

VAN WYCK, J., concurs.